**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

                  *Plaintiff,*

      v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

                  *Defendants*.

Case No. 1:25-CV-11048-ADB

**UNOPPOSED MOTION FOR STATUS CONFERENCE**

President and Fellows of Harvard College ("Harvard") hereby moves this Court to schedule a status conference at the Court's earliest convenience to set a schedule for an expeditious resolution to this case. Pursuant to Local Rule 7.1, counsel for Harvard has conferred with counsel for Defendants, who do not oppose a status conference, and who would prefer a virtual conference given travel logistics. Harvard is amenable to a virtual (or telephonic) conference. In support of its motion, Harvard states as follows:

1.      Harvard's complaint arises in the context of the Government's announcement on April 14, 2025, of an unlawful "freeze" of more than $2.2 billion in funding for multi-year pathbreaking research projects. The Government froze those funds after Harvard refused to accede to numerous demands seeking to assert broad control over Harvard's academic decisionmaking.

2.      On April 11, 2025, citing concerns of antisemitism and ideological capture, the Government identified ten conditions Harvard must satisfy to be eligible to receive federal research funding already committed by the Government to Harvard. Among other things, the Government stated that Harvard must "reform and restructure[]" its governance to "reduc[e] the

power" of certain students, faculty, and administrators; modify its hiring and admissions practices to achieve the Government's preferred balance of viewpoints; and terminate and reform its academic "programs" to the Government's liking. ECF No. 1-1, Ex. A at 2-4.

3.    Harvard is committed to combating antisemitism and broadening intellectual and viewpoint diversity on campus. It has been and continues to undertake structural reforms to do both. But because the demands would allow the Government to take over Harvard—dictating what Harvard teaches, whom it admits and hires, and which areas of study it pursues—they violate the First Amendment. On April 14, 2025, Harvard rejected the Government's unconstitutional demands. *See* ECF No. 1-2, Ex. B at 3.

4.    That same day, the Government announced it was freezing "$2.2 billion in multiyear grants and $60M in multiyear contract value to Harvard University." ECF No. 1-3, Ex. C at 2 (the "Freeze Order"). Within hours of the Freeze Order, Harvard began receiving stop work orders. Three days ago, it was reported that the Government is "planning to pull an additional $1 billion of [Harvard]'s funding for health research."[1]

5.    Harvard does not at present request a temporary restraining order or preliminary injunctive relief. Because this case concerns agency action subject to review of the administrative record under the Administrative Procedure Act, Harvard's claims can be resolved expeditiously through cross-motions practice. Until set aside by this Court, the Freeze Order, as well as the looming threat of additional cuts, chills Harvard's exercise of its First Amendment rights and puts vital medical, scientific, technological, and other research at risk. While Harvard

---

[1]    Douglas Belkin & Liz Essley Whyte, *Trump Administration Irate at Harvard, Plans to Pull Additional $1 Billion in Funding*, Wall St. J. (Apr. 20, 2025), https://tinyurl.com/5e7r7abm.

is diligently seeking to mitigate the effects of these funding cuts, critical research efforts will be scaled back or even terminated.

6.    Because Harvard intends to seek final judgment on an expedited basis, it respectfully requests that the Court hold a status conference to set deadlines for the Government to produce its administrative record and to establish a briefing schedule on cross-motions (a motion for summary judgment from Harvard, and a motion to dismiss or a motion for summary judgment from the Government).[2] Attached as Exhibit A is Harvard's letter to counsel for the Government, requesting that they begin expeditiously assembling the record. Harvard will work with counsel for the Government in an attempt to narrow any disputes relating to the administrative record and briefing schedule. Given the need for this matter to proceed expeditiously, Harvard respectfully requests that the Court schedule a status conference at its first opportunity.

---

[2]    This is common practice in similar suits challenging administrative action. *See, e.g., Novartis Pharm. Corp. v. Espinoza*, No. 1:21-CV-01479-DLF (D.D.C. June 7, 2021) (Minute Order setting deadlines for certified administrative record and cross-motions for summary judgment within one month of filing of complaint); *Alfa Int'l Seafood, Inc. v. Pritzker*, No. 1:17-CV-00031-APM (D.D.C. Jan. 30, 2017) (ECF No. 12) (setting expedited deadlines for certified administrative record and cross-motions for summary judgment) .

Dated: April 23, 2025

William A. Burck*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
williamburck@quinnemanuel.com

Robert K. Hur*
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
rhur@kslaw.com

Joshua S. Levy (BBO #563017)
Mark Barnes (BBO #568529)*
John P. Bueker (BBO #636435)
Elena W. Davis (BBO #695956)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Joshua.Levy@ropesgray.com
Mark.Barnes@ropesgray.com
John.Bueker@ropesgray.com
Elena.Davis@ropesgray.com

Douglas Hallward-Driemeier
(BBO #627643)
Stephen D. Sencer*
ROPES & GRAY LLP
2009 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Douglas.Hallward-Driemeier@ropesgray.com
Stephen.Sencer@ropesgray.com

Respectfully submitted,

/s/ Steven P. Lehotsky
Steven P. Lehotsky (BBO # 655908)
Scott A. Keller*
Jonathan F. Cohn*
Mary Elizabeth Miller* (BBO # 696864)
Shannon G. Denmark*
Jacob B. Richards (BBO # 712103)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
T: (512) 693-8350
F: (512) 727-4755
steve@lkcfirm.com
scott@lkcfirm.com
jon@lkcfirm.com
mary@lkcfirm.com
shannon@lkcfirm.com
jacob@lkcfirm.com

Katherine C. Yarger*
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
katie@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
josh@lkcfirm.com

Danielle K. Goldstein*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
danielle@lkcfirm.com

*Pro Hac Vice Applications Pending

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiff conferred with counsel for Defendants regarding the filing of this motion. Counsel for Defendants does not oppose this motion.

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky

**CERTIFICATE OF SERVICE**

I, Steven P. Lehotsky, hereby certify that a true copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 23, 2025.

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky