IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Case No. 1:25-cv-11048 (ADB/JKK)

President and Fellows of Harvard College,

    *Plaintiff,*

v.

U.S. Department of Health and Human Services, et al.,

    *Defendants.*

---

### ORDER GRANTING INTERVENOR'S MOTION TO PROCEED UNDER PSEUDONYM

Having reviewed Intervenor's Motion to Proceed Under Pseudonym, and upon consideration of the relevant factors identified in *Doe v. U.S. Dep't of State*, No. 1:15-cv-01971, 2015 WL 9647660 (D.D.C. Nov. 3, 2015), and other applicable authority, the Court finds that Intervenor has made a colorable showing that proceeding under a pseudonym is warranted due to the risk of retaliatory harm.

Accordingly, it is hereby:

**ORDERED** that the Motion is **GRANTED**. Intervenor may proceed under the pseudonym "John Doe" in all filings, proceedings, and public records related to this case;

**FURTHER ORDERED** that all parties shall refer to Intervenor exclusively as "John Doe" in all public filings;

**FURTHER ORDERED** that Intervenor shall submit his real name and identifying information under seal to the Clerk of Court and to chambers, and such information shall be maintained under seal unless otherwise ordered by the Court for good cause shown.

SO ORDERED.

Dated: _____, 2025
Boston, Massachusetts

                                                      _____
                                                    Hon. Allison D. Burroughs
                                                    United States District Judge

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Case No. 1:25-cv-11048 (ADB/JKK)

President and Fellows of Harvard College,

    *Plaintiff,*

v.

U.S. Department of Health and Human Services, et al.,

    *Defendants.*

---

### ORDER GRANTING INTERVENOR'S MOTION TO INTERVENE

Upon consideration of proposed Intervenor John Doe's Motion to Intervene (the "Motion"), pursuant to Fed. R. Civ. P. 24, and all papers submitted in support thereof, it is hereby **ORDERED** as follows:

1. **Intervention as of Right**: The Motion is GRANTED under Fed. R. Civ. P. 24(a)(2). Intervenor John Doe satisfies the criteria for intervention as of right:

    a. **Timeliness**: The Motion is timely, as the case is in its early stages, with no dispositive motions resolved, ensuring no prejudice to existing parties. See *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1056 (3d Cir. 1988).

    b. **Interest**: Intervenor, a citizen, constitutional scholar, and journalist, has a significant protectable interest in the First Amendment right to receive uncensored academic and ideological discourse from Harvard College, a recognized publisher of research. See *Virginia State Bd. of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748, 756–57 (1976); *Stanley v. Georgia*, 394 U.S. 557, 564 (1969).

    c. **Impairment**: Disposition of this action without Intervenor's participation may impair his ability to protect this interest, as Defendants' alleged coercion and retaliation against Harvard's protected expression threaten the free flow of information to the public, including Intervenor. See *Keyishian v. Bd. of Regents*, 385 U.S. 589, 603–04 (1967).

    d. **Inadequate Representation**: Intervenor's interest in the public's right to receive unfiltered speech is not adequately represented by Plaintiff, whose institutional concerns (e.g., tax-exempt status, funding) may diverge from Intervenor's broader constitutional focus. See *Trbovich v. United Mine Workers*, 404 U.S. 528, 538–39 (1972).

2. **Permissive Intervention**: Alternatively, the Motion is GRANTED under Fed. R. Civ. P. 24(b)(1)(B). Intervenor's claim—that Defendants' actions violate the public's First Amendment right to receive Harvard's speech—shares common questions of law and

fact with Plaintiff's claims regarding governmental retaliation against protected expression. Permissive intervention will not unduly delay or prejudice the adjudication of the original parties' rights and promotes judicial economy by addressing related constitutional harms in a single proceeding. See *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999).

3. **Scope of Intervention**: Intervenor John Doe is permitted to intervene as a party to this action, with the right to file pleadings, motions, and participate in discovery and hearings, subject to the Court's scheduling orders and D. Mass. L.R. 7.1. Intervenor's participation shall focus on the First Amendment issues raised in the Motion, including the public's right to receive information and the impact of Defendants' alleged coercion, as well as related claims in his concurrently filed Motion for Order to Show Cause (Docket No. [___]).

4. **Anonymity**: Intervenor's request to proceed under the pseudonym "John Doe" is noted, with a separate motion pending (Motion at 10). The Court defers ruling on anonymity until resolution of that motion, mindful of the risks cited by Intervenor, including retaliation akin to that faced by Ruby Freeman. See *Doe v. U.S. Dep't of State*, 2015 WL 9647660, at *2 (D.D.C. Nov. 23, 2015) (evaluating retaliatory harm).

5. **Filing and Service**: Intervenor shall file any initial pleadings or motions within **14 days** of this Order, by _____, and serve copies on all parties pursuant to Fed. R. Civ. P. 5 and D. Mass. L.R. 7.1. Defendants and Plaintiff may respond to Intervenor's filings per the Court's scheduling order.

6. **Notice**: The Clerk of Court shall serve this Order on all parties and ensure its entry on the docket.

**IT IS SO ORDERED.**

Dated: _____
Boston, Massachusetts

_____
Hon. Allison D. Burroughs
United States District Judge

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
Case No. 1:25-cv-11048 (ADB/JKK)

President and Fellows of Harvard College,

    *Plaintiff,*

v.

U.S. Department of Health and Human Services, et al.,

    *Defendants.*

---

## ORDER TO SHOW CAUSE WHY DEFENDANTS MAY ACT ON BEHALF OF THE UNITED STATES

Upon consideration of Intervenor John Doe's Motion for Order to Show Cause Why Defendants May Act on Behalf of the United States (the "Motion"), pursuant to 28 U.S.C. § 1651, and all papers submitted in support thereof, it is hereby **ORDERED** as follows:

1. **Grant of Motion**: The Motion is GRANTED. Intervenor has raised a substantial question regarding the authority of the individual Defendants to act on behalf of the United States, alleging that Donald J. Trump's ineligibility to serve as President under Section 3 of the Fourteenth Amendment, as found in *Anderson v. Griswold*, 543 P.3d 283, 322 (Colo. 2023), renders his appointments under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2, void. See *Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 353 (1920) (acts beyond delegated authority are nullities); *Norton v. Shelby County*, 118 U.S. 425, 443 (1886) (no de facto officers under an unaltered Constitution).

2. **Order to Show Cause**: The individual Defendants, including but not limited to representatives of the U.S. Department of Health and Human Services, shall SHOW CAUSE in writing, no later than _____, why they possess lawful authority to act on behalf of the United States. Defendants shall address:

    a. The legal effect of *Trump v. Anderson*, 601 U.S. 100 (2024), and *Trump v. United States*, 603 U.S. 593 (2024), in light of Intervenor's claim that their holdings are dicta or nullities under *Marbury v. Madison*, 5 U.S. 137, 177 (1803), and 1 William Blackstone, *Commentaries on the Laws of England* *70 (1765).

    b. The applicability of Section 3 of the Fourteenth Amendment's self-executing nature, as evidenced by the historical precedent of Nelson Tift's congressional tenure (Motion at 10–11).

    c. The validity of their appointments under the Appointments Clause, given Intervenor's reliance on *Ryder v. United States*, 515 U.S. 177 (1995), and *Restatement (Third) of Agency* § 1.01 (no agent without a valid principal).

    d. The relevance of *11 Hen. VII, c. 1* (1495), distinguishing de facto allegiance from a usurper's title, and *Norton v. Shelby County*, 118 U.S. at 443, rejecting de facto officers in a constitutional republic.

3. **Filing and Service**: Defendants shall file their written response with the Court and serve copies on Intervenor John Doe and Plaintiff's counsel by **5:00 p.m. EDT on _____**, pursuant to D. Mass. L.R. 7.1 and Fed. R. Civ. P. 5. Intervenor may file a reply, if any, by _____.

4. **Hearing**: A hearing on this Order to Show Cause is scheduled for _____, **at 10:00 a.m. EDT**, in Courtroom 2, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, before the Honorable Allison D. Burroughs, or as soon thereafter as the matter may be heard. The Court may adjust this date pursuant to its calendar and Fed. R. Civ. P. 78.

5. **Interim Relief**: Pending resolution of this Order, Defendants are not restrained from acting on behalf of the United States, but any actions taken may be subject to further judicial review based on the outcome of this proceeding. See *Lucia v. SEC*, 138 S. Ct. 2044, 2055 (2018) (invalid appointments void actions).

6. **Notice**: The Clerk of Court shall serve this Order on all parties and ensure its entry on the docket.

**IT IS SO ORDERED.**

Dated: _____
Boston, Massachusetts

                                                  _____
                                                  Hon. Allison D. Burroughs
                                                  United States District Judge