UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
Case No. 1:25-cv-11048 (ADB/JKK)

**President and Fellows of Harvard College,**

    Plaintiff,

v.

**United States Department of Health and Human Services, et al.,**

    Defendants.

---

### [PROPOSED] TEMPORARY RESTRAINING ORDER

Upon consideration of Intervenor's **Emergency Motion for Temporary Restraining Order**, the supporting memorandum of law, declarations, and exhibits filed therewith, and having reviewed the record and applicable law:

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

1. Intervenor has demonstrated a strong likelihood of success on the merits of his constitutional claims, including but not limited to alleged violations of the First and Fifth Amendments, as well as the structural separation of powers under Articles I, II, and III.
2. Intervenor has established a credible threat of immediate and irreparable harm, including the denial of access to the courts, suppression of protected expression, and violation of substantive constitutional rights, absent the issuance of temporary injunctive relief.
3. The balance of equities tips decidedly in Intervenor's favor. The requested relief merely preserves the status quo and prevents further entrenchment of alleged unlawful executive and judicial overreach.
4. The public interest strongly favors the protection of constitutional norms, individual liberties, and the preservation of lawful process over governmental expedience.
5. No bond is required under Rule 65(c) of the Federal Rules of Civil Procedure, as the imposition of such a condition would unjustly penalize the exercise of fundamental rights and render relief inaccessible to a pro se Intervenor raising substantial constitutional claims. See *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

### IT IS HEREBY ORDERED THAT:

1. Defendants, their agents, officers, employees, and all persons acting in concert or participation with them are TEMPORARILY RESTRAINED from taking any adverse action against Intervenor in retaliation for the filing of this action or related legal proceedings, including but not limited to detention, surveillance, denial of entry or exit, or interference with his speech, communications, or access to the judiciary.

2. Defendants shall take no action to effectuate, enforce, or rely upon any policy, rule, or judicial decision that is plausibly ultra vires or constitutionally infirm as set forth in Intervenor's Emergency Motion, pending further review by this Court.

3. This Temporary Restraining Order shall take effect immediately and remain in effect for a period of fourteen (14) days, unless extended by the Court for good cause shown or converted to a preliminary injunction after further hearing.

4. A hearing on whether to convert this Order into a Preliminary Injunction shall be held on _____, 2025, at _____ a.m./p.m. in Courtroom ___ of the United States District Court for the District of Massachusetts.

SO ORDERED.



Dated: _____, 2025
Boston, Massachusetts


**Hon. Allison D. Burroughs**
United States District Judge