IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

                *Plaintiff*,

   v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

                *Defendants*.

Case No. 1:25-cv-11048-ADB

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Over eight decades, the Government has paid researchers at Plaintiff President and Fellows of Harvard College ("Harvard") to conduct scientific research around priorities established by the Government and compensated through competitive awards of federal funds. That funding has enabled life-altering breakthroughs in medicine, life sciences, and computing (to name just three areas), and it has helped make the United States a global leader in scientific and technological innovation.

Over the last two months, the Government has abruptly terminated federal research funding to Harvard. Citing concerns about alleged antisemitism and ideological bias at Harvard, the Government presented a list of "conditions" that Harvard must satisfy in order to continue receiving federal funding, which included government oversight of the balance of viewpoints at Harvard. Because Harvard would not allow itself to be taken over by the Government in violation of the First Amendment, it rejected the Government's demands. The Government retaliated by freezing billions in federal funding to Harvard. One week later, Harvard brought this lawsuit, and the Government doubled down, announcing an end of all new grants to the University, followed by a barrage of letters from various federal agencies terminating existing grants to Harvard.

1

The Government's actions are unlawful for multiple reasons. *First*, the Government's actions violate the First Amendment because they constitute unconstitutional retaliation against Harvard for exercising its First Amendment rights to decide what to teach, to express certain views, and to petition the courts to defend itself. They also impose unconstitutional conditions that seek to interfere with Harvard's speech to advance the Government's own idea of ideological balance. *Second*, the Government's actions violate Title VI and its implementing regulations, which provide detailed procedures that the Government must follow before freezing or terminating federal funding based on supposed discrimination. *Third*, the Government's actions are arbitrary and capricious because they bear no rational connection to the concerns they purport to address, fail to consider the significant consequences of indefinitely freezing and terminating billions of dollars in federal research funding, and ignore the substantial reliance interests engendered by that funding.

As set forth in the accompanying memorandum, statement of undisputed material facts, declarations, and associated exhibits, the Government's actions violate the United States Constitution and other federal law, and they are not supported by the administrative record as required by the Administrative Procedure Act ("APA"). There is no genuine dispute of material fact, and Harvard is entitled to judgment as a matter of law. Accordingly, Harvard respectfully moves for summary judgment. The Government's actions freezing and terminating Harvard's federal funding should be vacated and set aside, and the Government should be permanently enjoined from taking any similar action against Harvard.

Harvard respectfully requests a ruling from this Court as soon as possible before September 3, 2025. On May 5, 2025, the Government began terminating Harvard's federal funding, which put Harvard on a 120-day clock to "submit all reports (financial, performance, and other reports

required by the Federal award)" and "liquidate all financial obligations incurred under the Federal award *no later than 120 calendar days* after the conclusion of the period of performance." 2 C.F.R. § 200.344(b), (c) (emphasis added). Once that close-out occurs, Harvard anticipates the Government will take the position that no restoration of funds is possible, meaning relief from this Court is necessary as soon as possible and no later than September 3, 2025.

Dated: June 2, 2025

William A. Burck*
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
williamburck@quinnemanuel.com

Robert K. Hur*
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
rhur@kslaw.com

Joshua S. Levy (BBO #563017)
Mark Barnes (BBO #568529)*
John P. Bueker (BBO #636435)
Elena W. Davis (BBO #695956)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Joshua.Levy@ropesgray.com
Mark.Barnes@ropesgray.com
John.Bueker@ropesgray.com
Elena.Davis@ropesgray.com

Douglas Hallward-Driemeier
(BBO #627643)
Stephen D. Sencer*
ROPES & GRAY LLP
2009 Pennsylvania Avenue, NW
Washington, DC 20006
Douglas.Hallward-Driemeier@ropesgray.com
Stephen.Sencer@ropesgray.com

Respectfully submitted,

*/s/ Steven P. Lehotsky*
Steven P. Lehotsky (BBO # 655908)
Scott A. Keller*
Jonathan F. Cohn*
Mary Elizabeth Miller* (BBO # 696864)
Shannon G. Denmark*
Jacob B. Richards (BBO # 712103)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
T: (512) 693-8350
F: (512) 727-4755
steve@lkcfirm.com
scott@lkcfirm.com
jon@lkcfirm.com
mary@lkcfirm.com
shannon@lkcfirm.com
jacob@lkcfirm.com

Katherine C. Yarger*
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
katie@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
josh@lkcfirm.com

Danielle K. Goldstein*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
danielle@lkcfirm.com


*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

Counsel for Plaintiff certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiff hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky

## LOCAL RULE 7.1 CERTIFICATION

In accordance with the requirements of Local Rule 7.1(a)(2), I hereby certify that counsel for Plaintiff conferred with Defendants' counsel regarding this motion but were not able to reach any agreement on this motion.

/s/ *Steven P. Lehotsky*
Steven P. Lehotsky