**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>            Plaintiff,<br><br>            v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>            Defendants. | Case No. 1:25-cv-11048 |

**[CORRECTED] MOTION FOR LEAVE TO FILE AMICUS BRIEF OF HARVARD UNDERGRADUATE PALESTINE SOLIDARITY COMMITTEE IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In accordance with Local Rule 7.1(b)(3), proposed amicus curiae, Havard Undergraduate Palestine Solidarity Committee (PSC), respectfully requests leave to file the attached amicus brief in support of Plaintiff's *Motion for Summary Judgment* (ECF 69) in the above-captioned matter. In furtherance of this motion, PSC states as follows:

1. The Harvard Undergraduate Palestine Solidarity Committee (PSC) at Harvard University is a student organization dedicated to supporting the Palestinian struggle for self-determination, justice, and equality through advocacy and non-violent actions.

2. PSC submits this proposed brief to contest the unlawful demands of the Trump administration and Harvard's adoption and enforcement of the International Holocaust Remembrance Alliance (IHRA) definition of antisemitism, which enables actionable discrimination against Palestinian students and those who advocate on their behalf. In the proposed brief, PSC argues that advocacy for Palestinian human rights, including speech that zealously criticizes Israel and its policies, is neither objectively offensive nor does it target members of a protected group, and thus cannot ground a "hostile environment" claim merely because some students disagree with, are offended by, or feel isolated by the political messages being expressed. Further, Title VI does not and cannot require universities to suppress criticism of the policies of a state merely because some members of a protected group take offense to that criticism. And as this matter demonstrates, when a university selectively censors or punishes speech that advocates for Palestinian human rights, that conduct threatens the Title VI rights of Palestinian students and others who advocate on their behalf. This is particularly so when the suppression is motivated by a discriminatory purpose. There is compelling evidence that such a purpose exists with respect to state, institutional, and third-party efforts to silence Palestinians advocating for equal rights and an end to genocide.

3. The Court has discretion to permit the filing of amicus curiae briefs. *See Bos. Gas Co. v. Century Indem. Co.*, Civ. Action No. 02–12062–RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) ("[C]ourts have inherent authority and discretion to appoint amici."). Amicus briefing is allowed "to assist the court in cases of great public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass. 2015), *aff'd*, 807 F.3d 472 (1st Cir. 2015) (internal citations and quotations omitted).

4. The proposed brief, excluding the Table of Contents, Table of Authorities, Certification, and Certificate, does not exceed ten pages in length.

5. No party has opposed the relief requested by this motion. WHEREFORE, Harvard Undergraduate Palestine Solidarity Committee respectfully requests that this Court grant leave to file the attached amicus brief.

Dated: June 5, 2025 Respectfully submitted,



Radhika Sainath*Ragini N. Shah (BBO# 671382)
Dylan Saba*Suffolk University Law School
PALESTINE LEGALImmigrant Justice Clinic
55 Exchange Pl, Suite 402120 Tremont Street Suite 150E
New York, NY 10005Boston, MA 02108
(312) 964-2667(617) 305-1651
radhika@palestinelegal.orgrnshah@suffolk.edu
dsaba@palestinelegal.org

*Pro Hac Vice Pending*

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that counsel for proposed amicus curiae has conferred with counsel for the parties. No parties oppose the request for leave to file.

Dated: June 5, 2025                                Respectfully submitted,

*/s/ Ragini N. Shah*
Ragini N. Shah (BBO# 671382)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants on the Notice of Electronic Filing (NEF).

Dated: June 5, 2025                                Respectfully submitted,

*/s/ Ragini N. Shah*
Ragini N. Shah (BBO# 671382)