**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., <br><br><br> Defendants. | Case No. 1:25-cv-11048 |

**MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE MIDDLE EAST
STUDIES ASSOCIATION OF NORTH AMERICA, INC. IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Proposed *Amicus Curiae* Middle East Studies Association of North America, Inc.

("MESA") respectfully moves for leave to file an amicus brief in support of the Plaintiff's

Motion for Summary Judgment (ECF Nos. 69-74). In support of the motion, MESA asserts the

following:

1.  The present case evolves from federal administrative agencies launching investigations

into colleges and universities using pretextual and overbroad allegations of antisemitism,

weaponizing Title VI of the 1964 Civil Rights Act, to demand higher education, and here,

Harvard University specifically, to bend to the Administration's control.

2.  MESA is a 501(c)(3) nonprofit membership scholarly association of faculty, students and

researchers interested in the study of the Middle East. MESA has an interest in defending the

rights of its members who study, teach, and conduct scholarship to speak and associate freely in

ways informed by their study of the Middle East.

1

3.   In the instant litigation, Defendants have violated core First Amendment protections by threatening funding cuts and other sanctions in an attempt to coerce Harvard University to change how it manages the speech of its faculty and students, particularly those exercising their right to free speech and association informed by teaching, research and scholarship about the Middle East and, more specifically, the Israeli-Palestine conflict. *See* ECF 59-1 (The government, without basis, accuses the Center for Middle Eastern Studies at Harvard University as one of many departments "that most fuel antisemitic harassment or reflect ideological capture").

4.   The role of an amicus curiae, as "friend of the court," is to assist the court "'in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'" *Sierra Club v. Wagner*, 581 F. Supp. 2d 246, 250 n. 1 (D.N.H. 2008), *quoting Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991).

5.   Here, while the Plaintiff rightly stands up for the interests of the university's administration, its free speech and association interests are not necessarily the same as those of the entire university community, which consists of thousands of students, faculty, and staff—many of whom study, research, and teach about the Middle East and many of whom are members of MESA. Moreover, MESA is concerned by the overbroad and politicized usage of the term "antisemitism" that is incompatible with Title VI and would make independent, rigorous scholarship on the Middle East impossible. MESA supports the Plaintiff in its motion for summary judgment, and as amicus curiae looks to highlight how the Defendants' actions impact

the university community at large, particularly those focused on the research and teaching of the

Middle East region.

6.   Pursuant to the Court's Order at ECF 47, MESA is seeking permission from the Court

prior to filing its amicus brief. MESA confirms that its proposed amicus brief will not exceed the

Court's imposed 10-page limit.

## CONCLUSION

For the foregoing reasons MESA respectfully requests leave to file an amicus brief in

support of Plaintiff's motion for summary judgment.

Respectfully submitted,

MIDDLE EASTERN STUDIES ASSOCIATION OF
NORTH AMERICA, INC.,

*/s/ Corey Martin*

Corey S. Martin (BBO #686100)
HM Law, P.C.
24 Shipyard Drive, Suite 202
Hingham, MA 02043
T: (781) 789-8070
cmartin@myhmlaw.com

/s/ *Darryl Li**
1126 E. 59th St.
Chicago, IL 60637
T: (773) 702-4001
darrylli@protonmail.com

*: *Pro hac vice application pending*

DATED: June 6, 2025

3

## **LOCAL RULE 7.1 CERTIFICATION**

I, Corey Martin, undersigned counsel, hereby certify that I have conferred with counsel of record for the parties in this case via email on June 5, 2025 in a good faith attempt to resolve and narrow the issues posed by the motion. Counsel for the Defendants responded via email that they do not oppose the motion.

/s/ Corey S. Martin

Corey Sullivan Martin, Esq.

BBO# 686100

**CERTIFICATE OF SERVICE**

I hereby certify that the undersigned submitted the foregoing document with the clerk of court for the District of Massachusetts, using the CM/ECF system of the court. I, undersigned counsel, hereby certify the foregoing document will be sent electronically to the registered participants as identified on the NEF or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

/s/ Corey Martin_____

Corey Martin BBO #686100