IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>*Defendants*. | Case No. 1:25-cv-11048-ADB |

**ASSENTED-TO MOTION OF THE CONFERENCE OF BOSTON TEACHING HOSPITALS, INC. FOR LEAVE TO FILE MEMORANDUM AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Court's April 29, 2025 Scheduling Order, non-party the Conference of Boston Teaching Hospitals, Inc. ("COBTH") hereby moves for leave of Court to file the enclosed Memorandum as *Amicus Curiae* in Support of Plaintiff's Motion for Summary Judgment. In support of this Motion, COBTH states as follows:

1. Federal district courts have "inherent authority" to accept amicus briefs. *Students for Fair Admissions v. President and Fellows of Harvard College*, 2018 WL 9963511, at *1 (D. Mass. Oct. 3, 2018) (Burroughs, J.); *Boston Gas Co. v. Century Indem. Co.*, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006) (accepting amicus brief from Complex Insurance Claims Litigation Association).

2. District courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see Doe v. Trump*, 2025 WL 485070, at *1 n.2 (D. Mass. Feb. 13, 2025) (accepting amicus briefs from five groups and one individual in challenge to President's Executive Order).

3. Courts especially welcome amicus briefs when the amicus offers a "perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997); *see, e.g.*, *Sec. & Exch. Comm'n v. Cetera Advisors LLC*, 2020 WL 13470960, at *2 (D. Colo. Aug. 25, 2020) (amicus trade organization offered "unique information and perspective" that was helpful to the court); *C & A Carbone, Inc. v. Cnty. Of Rockland*, 2014 WL 1202699, at *4 (S.D.N.Y. Mar. 24, 2014) ("Amici's insights . . . helps ensure that there has been 'a complete and plenary presentation of difficult issues so that the court may reach a proper decision.'")

4. In the proposed *Amicus* Memorandum (attached as Exhibit A), COBTH provides its unique perspective on how the government's terminations will have the consequence of threatening the Hospitals' work to continually advance medical science. COBTH explains how the discovery and advance of new treatments and cures depend on federally funded research, and why the balance of equities and public interest strongly weigh in favor of continued funding.

5. COBTH is a non-profit organization dedicated to supporting the mission of all twelve Boston-area teaching hospitals (the "Hospitals"). Beyond supporting the Hospitals' missions to provide world-class clinical care, train the next generation of physicians, and respond to the public health needs of our community, COBTH plays a vital role in advancing the Hospitals' clinical research programs, which work every day to discover and advance new treatments and cures.

6. From this first-hand perspective, COBTH can bring to the Court's attention—beyond the arguments of the parties—how the sudden termination of federal funding for biomedical research to Harvard will have the unintended, yet real consequence, of damaging the foundation upon which the Hospitals develop medical breakthroughs for their patients.

7. The proposed *Amicus* Memorandum explains that—although the Hospitals are independent of the universities and medical schools they support—terminating funding for basic science and biomedical research at universities, medical schools, and schools of public health threatens the Hospitals' vital work in discovering and advancing new treatments and cures because (1) hospital-based clinical breakthroughs often build upon federally funded basic science research at universities, and (2) federal funding to universities indirectly supports important hospital-based clinical research studies.

8. The Court should grant COBTH leave to file the *Amicus* Memorandum, which offers a perspective beyond that of Plaintiff, about the specific effects that drastic cuts in federal funding to Harvard will have on the discovery and advancement of new treatments and cures for disease in Boston's teaching hospitals.

9. Pursuant to the April 29, 2025 Order, the proposed *Amicus* Memorandum does not exceed 10 pages.

10. Counsel for Plaintiff and Defendants assent to this Motion.

WHEREFORE, COBTH respectfully requests that the Court grant leave to file the attached Memorandum as *Amicus Curiae* in Support of Plaintiff's Motion for Summary Judgment.

June 6, 2025                                    Respectfully submitted,

*/s/ Eric M. Gold*
Martin F. Murphy, BBO # 363250
Eric M. Gold, BBO #660393
Max A. Jacobs, BBO # 707327
MANATT, PHELPS & PHILLIPS, LLP
1 Beacon Street, Suite 28-2000
Boston, MA 02108
Tel: 617-646-1400
MFMurphy@manatt.com
EGold@manatt.com
MJacobs@manatt.com

*Counsel for*
*Conference of Boston Teaching Hospitals, Inc.*

## LOCAL RULE 7.1 CERTIFICATION

I certify that I conferred with counsel for Plaintiff and counsel for Defendants. Counsel for Plaintiff and Defendants assent to this Motion.

*/s/ Eric M. Gold*
Eric M. Gold

## CERTIFICATE OF SERVICE

I hereby certify that, on June 6, 2025, I caused a true and correct copy of the foregoing to be filed via the Court's ECF system, which will send notice to all counsel of record.

*/s/ Eric M. Gold*
Eric M. Gold