## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>*Plaintiff,*<br><br>*v.*<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-11048 (ADB) |

## UNOPPOSED MOTION OF FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

William Creeley
Colin McDonell
FOUNDATION FOR INDIVIDUAL RIGHTS
AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
will@thefire.org
colin.mcdonell@thefire.org
*Of counsel for* Amicus Curiae

Dustin F. Hecker (BBO No. 549171)
HECKER ADR LLC
43 Bradford Street
Needham, MA 02492
dustin.heckerADR@outlook.com
*Counsel of record*

Proposed *amicus curiae* Foundation for Individual Rights and Expression (FIRE) respectfully requests leave to file the attached *amicus curiae* brief in support of the plaintiff's motion for summary judgment in the above-captioned case. We contacted counsel for both parties, and neither the plaintiff nor defendants oppose the filing of this brief. FIRE states the following in support of this motion:

1.    District courts, drawing guidance from Federal Rule of Appellate Procedure 29(a), have the authority to grant leave to file an *amicus* brief. *See, e.g.*, *Steinmetz v. Coyle & Caron, Inc.*, 2016 WL 4074135, at *2 n.1 (D. Mass. July 29, 2016). Under Rule 29(a), a movant may file an *amicus* brief either when all parties have consented or when the movant has (1) demonstrated an adequate "interest" in the matter and (2) the accompanying brief is "desirable" and "relevant to the disposition of the case." Fed. R. App. P. 29(a)(2)–(3). These requirements should be "broadly interpreted" to allow leave to file *amicus* briefs unless "it is obvious" that the requirements are not met. *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 133 (3d Cir. 2002).

2.    As detailed in the accompanying brief, proposed *amicus* FIRE has a strong interest in the outcome of this case. FIRE is a nonpartisan nonprofit that defends the rights of all Americans to free speech and free thought—the essential qualities of liberty. Since 1999, FIRE has successfully defended expressive rights on college campuses across the United States through public advocacy, targeted

litigation, and *amicus curiae* filings.[1] While FIRE today defends First Amendment rights both on campus and in society at large,[2] FIRE continues to place special emphasis on defending the individual rights of students and faculty to freedom of expression, freedom of association, academic freedom, and due process of law. FIRE has a direct interest in this case because higher education plays a vital role in preserving free thought within a free society—and the judiciary's response to the federal government's unlawful coercion of Harvard University, one of our most prestigious institutions, will reverberate nationwide.

3.     The proposed brief is desirable because it provides the Court with an understanding of the effect the issues presented in this case will have beyond the outcome for the parties. FIRE has more than twenty-five years of experience defending student and faculty rights on campuses nationwide, including at Harvard. To that end, FIRE is a longtime critic of Harvard's inconsistent and insufficient protection of freedom of expression and academic freedom. But FIRE strongly opposes the government's attempt to coerce Harvard into censoring student and faculty

---

[1] *See, e.g.*, *Texas A&M Queer Empowerment Council v. Mahomes*, No. 25-992, 2025 WL 895836 (N.D. Tex. Mar. 24, 2025); *Novoa v. Diaz*, No. 4:22-cv-324, ECF No. 44 (N.D. Fla., Nov. 17, 2022), *pending appeal sub nom.*, *Novoa v. Comm'r of Fla. State Bd. of Educ.*, No. 22-13994 (11th Cir. argued June 14, 2024); Brief of *Amicus Curiae* FIRE, *Univ. at Buffalo Young Ams. for Freedom v. Univ. at Buffalo Student Ass'n, Inc.*, No. 25-140 (2d Cir. filed Mar. 11, 2025).

[2] In 2022, FIRE expanded its advocacy beyond the university setting. In lawsuits across the United States, FIRE works to vindicate First Amendment rights without regard to speakers' views. *See, e.g.*, Brief of *Amici Curiae*, *Khalil v. Trump*, No. 2:25-cv-01963 (D.N.J.); *Trump v. Selzer*, No. 4:24-cv-449 (S.D. Iowa filed Dec. 17, 2024); *Volokh v. James*, No. 23-356 (2d Cir. argued Feb. 16, 2024).

speech and abdicating its institutional autonomy. FIRE's brief provides the Court with perspective beyond what the parties will offer on the First Amendment implications of the government's conduct toward Harvard.

4.    No counsel for a party authored the accompanying *amicus curiae* brief in whole or in part. Further, no person, other than *amicus*, their members, or their counsel contributed money intended to fund this brief's preparation or submission.

Therefore, proposed *amicus* request permission to file the attached proposed Brief of Amicus Curiae Foundation for Individual Rights and Expression in Support of Plaintiff's Motion for Summary Judgment.

Dated: June 9, 2025                    Respectfully submitted,

/s/ Dustin F. Hecker
DUSTIN F. HECKER, ESQ.
HECKER ADR LLC
43 Bradford Street
Needham, MA 02492
dustin.heckerADR@outlook.com
*Counsel of record*

*Of counsel*:

William Creeley
Colin McDonell
FOUNDATION FOR INDIVIDUAL RIGHTS AND EXPRESSION
510 Walnut St., Ste. 900
Philadelphia, PA 19106
(215) 717-3473
will@thefire.org
colin.mcdonell@thefire.org

*Attorneys for* Amicus Curiae *Foundation for Individual Rights and Expression*

3

**LOCAL RULE 7.1(a)(2) CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.1(a)(2), FIRE's in-house counsel contacted counsel for plaintiff and counsel for defendants via email on June 2, 2025, to ascertain their position on FIRE's motion for leave to file an *amicus* brief. Counsel for defendants and counsel for the plaintiff replied that they do not oppose the motion for leave to file.

/s/ Dustin F. Hecker
Dustin F. Hecker

**CERTIFICATE OF SERVICE**

I certify that on June 9, 2025, I caused all registered counsel of record to be

served through the Court's ECF system with a true and correct copy of this Motion.

/s/ Dustin F. Hecker
Dustin F. Hecker