UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-11048-ADB<br><br>**MOTION FOR LEAVE TO FILE AMICI CURIAE BRIEF OF JEWISH SCHOLARS OF JEWISH STUDIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |

Amici are 27 Jewish scholars of Jewish studies with a variety of views about Judaism, Zionism, and the State of Israel.[1]  They have a strong interest in protecting their ability to conduct their scholarship, design their curricula, engage in campus discussions and debate, and advocate for their viewpoints without facing adverse action from their universities or the government for failing to conform to a stereotype that being Jewish requires holding a particular set of viewpoints about the State of Israel, its policies and practices, or Zionism.

Amici respectfully request the Court's leave to submit an amicus brief in support of Plaintiff's motion for summary judgment.  District courts have the "inherent authority" to accept and consider amicus briefs.  *Bos. Gas Co. v. Century Indem. Co.*, No. CIVA 02-12062-RWZ, 2006 WL 1738312, at *1 (D. Mass. June 21, 2006).  Courts "frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved." *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005); *see also Massachusetts Food Ass'n v. Massachusetts Alcoholic Beverages Control Com'n*, 197 F.3d 560, 567 (1st Cir. 1999) ("[A] court is usually delighted to hear additional arguments from able amici that will help the court toward right answers . . . .").

Amici's proposed brief supplements the arguments raised in Plaintiff's motion for summary judgment and other amicus briefs.  While amici agree with Plaintiff that Defendants' actions are unlawful for the reasons stated in Plaintiff's motion, amici also argue that their interests are harmed when the federal government pressures universities to adopt a stereotype that being Jewish implies a specific set of beliefs about the State of Israel, its policies and practices, or

---

[1] They are Rebecca T. Alpert, Joel Beinin, Daniel Boyarin, Judith Butler, Hasia R. Diner, Marjorie Feld, Maura Finkelstein, Emmaia Gelman, Maxwell Greenberg, Eli Jany, Brett Ashley Kaplan, Deeanna Klepper, Aaron Kreuter, Tsiona Lida, Atalia Omer, Penny Rosenwasser, Michael Rothberg, Alice Rothchild, Daniel A. Segal, Raz Segal, Victor Silverman, Jessie Stoolman, Barry Trachtenberg, Johanna Ray Vollhardt, Melissa Weininger, Orian Zakai, and Michael Zank.

Zionism.  Such stereotypes themselves may violate Title VI of the Civil Rights Act of 1964 if they result in the denial of equal access to educational opportunities and benefits.  Amici's proposed brief therefore not only highlights the diversity of opinion within Jewish communities today and throughout history about these topics, but also the harm caused to them and their broader communities when universities or the government attempt to police the boundaries of Jewish belief or identity.

Amici have conferred with the Parties regarding this request.  Defendants' counsel, Eitan Sirkovich, stated that the Government does not oppose this request.  Counsel for Plaintiff did not respond to take any position on this request.

For the foregoing reasons, Amici request that the Court grant the motion to file the attached Amici Curiae brief for filing.

Respectfully submitted,

Dated:  June 9, 2025                         */s/ Rachel Weber*

Rachel Weber
BBO #674057
Law Office of Rachel Weber
PO Box 1565
Northampton, MA 01061
Telephone: 413-325-5431
Email: rweber@rweberlaw.com

Yaman Salahi (*pro hac vice* forthcoming)
SALAHI PC
yaman@salahilaw.com
505 Montgomery St., 11th Floor
San Francisco, California 94111
Tel: (415) 236-2352

*Counsel for Amici*

3

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

I hereby certify that on June 8, 2025 counsel for the Amici Curiae conferred with counsel for the Parties via e-mail. I further certify that on June 8, 2025, Defendants' counsel stated that the Government did not oppose the request, and that, as of the time of this filing, Plaintiff's counsel had not responded to take any position.

                                            */s/ Rachel Weber*
                                            Rachel Weber

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on June 9, 2025.

                                            */s/ Rachel Weber*
                                            Rachel Weber