IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.<br><br>Defendants. | Case No. 1:25-cv-11048 |

**UNOPPOSED MOTION FOR LEAVE TO FILE A BRIEF *AMICUS CURIAE* ON BEHALF OF THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW**

The Louis D. Brandeis Center for Human Rights Under Law (the "Brandeis Center") respectfully moves for leave to participate as *amicus curiae* and to file an *amicus* brief in connection with Plaintiffs' motion for summary judgment and Defendants' cross-motion for summary judgment in the above-captioned action. Pursuant to Local Rule 7.1(a)(2), counsel for the Brandeis Center conferred with counsel to Plaintiff and counsel to Defendants regarding this Motion. Defendants consent to the relief requested in this Motion. Plaintiff does not oppose the relief requested in this Motion.

The Court has "inherent authority and discretion to appoint amici" and permit the filing of amicus briefs. *Bos. Gas Co. v. Century Indem. Co.*, Civ. A. No. 02-12062-RWZ, 2006 WL 1738312, at *1 n.1 (D. Mass. June 21, 2006); *see also Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("[A]cceptance of amicus briefs is within the sound discretion of the court."). Participation of an *amicus curiae* is appropriate where, as here, the *amicus* would "assist the

court in [a] case[] of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 308 F.R.D. 39, 52 (D. Mass.), *aff'd* 807 F.3d 472 (1st Cir. 2015) (internal quotation marks omitted).

The Brandeis Center is an independent, non-partisan institution for public interest advocacy, research, and education that seeks to advance the civil and human rights of the Jewish people and to promote justice for all. The Brandeis Center's education, research, and advocacy focus specifically, though not exclusively, on the spread of anti-Semitism on college and university campuses. The Brandeis Center encourages the adoption of clear, comprehensive, specific, and lawful anti-discrimination policies and publishes guidance documents for organizations seeking to adopt uniform definitions of anti-Semitism. Brandeis Center attorneys also advise and represent college and university students and professors who have been victims of anti-Semitic conduct that violates Title VI of the Civil Rights Act of 1964 (codified as amended at 42 U.S.C. §§ 2000d to 2000d-4a) ("Title VI") and other anti-discrimination laws. The Brandeis Center firmly upholds the First Amendment right to freedom of speech. As its namesake, Justice Louis D. Brandeis, wrote in *Whitney v. California*: "If there be time to expose through discussion the falsehood and fallacies, to avert the evil by the processes of education, the remedy to be applied is more speech, not enforced silence." 274 U.S. 357, 377 (1927) (Brandeis, J., concurring). Speech is one thing; discriminatory conduct is another. The Brandeis Center seeks to safeguard the right of all citizens to be free from discrimination, including on the basis of race, national origin, shared ancestry, ethnicity, and religion.

The Brandeis Center seeks to provide the Court with important factual and legal analyses to assist the Court in evaluating the relevance and merits of the arguments proffered in *amicus* briefs submitted in this action purportedly in support of Plaintiffs' motion for summary judgment. The briefs submitted by *amici curiae* A Jewish Voice for Peace, Inc. ("JVP"), Harvard Undergraduate Palestine Solidarity Committee ("PSC"), the Middle East Studies Association of North America, Inc. ("MESA") and 27 Jewish Scholars of Jewish Studies ("27 Scholars") (collectively, "*Amici*") improperly challenge Harvard University's ("Harvard") voluntary decision to incorporate the International Holocaust Remembrance Alliance definition of anti-Semitism ("IHRA Definition") into its existing Non-Discrimination and Anti-Bullying Policies—an action neither challenged nor raised as a disputed issue by any party, and that predates the relevant events in this case. These *Amici*, however, have unilaterally raised and challenged Harvard's action, asking the Court to adjudicate an issue not before it in this litigation. Those arguments therefore should be disregarded by the Court. *See Dalombo Fontes v. Gonzales*, 498 F.3d 1, 2 (1st Cir. 2007) ("[W]e will not address an issue raised by an amicus that was not seasonably raised by a party to the case."); *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 6 (1st Cir. 1996) ("[A]n amicus cannot introduce a new argument into a case."); *accord*, *Lane v. First Nat. Bank of Bos.*, 871 F.2d 166, 175 (1st Cir. 1989) ("We know of no authority which allows an amicus to interject into a case issues which the litigants, whatever their reasons might be, have chosen to ignore.").

In the alternative, if the Court is inclined to consider the arguments on the IHRA Definition proffered by those *Amici*, the Brandeis Center's proposed *amicus* brief will provide the Court with important factual and legal analyses to assist the Court in evaluating the merits of those arguments. The arguments in those *amicus* briefs rest on the misguided assertion that

Harvard's incorporation of the IHRA Definition into its existing nondiscrimination and anti-bullying policies is inconsistent with the First Amendment, and will lead, for example, to content-based restrictions on speech, impose a religious standard for the determination of members of the Jewish faith, and curtail academic scholarship. The Brandeis Center's proposed *amicus* brief will address why those arguments are meritless by providing detailed factual and historical background relevant to: (i) the IHRA Definition and its application to discriminatory conduct; (ii) the IHRA Definition's broad-based support in the United States and abroad; and (iii) the ways in which the IHRA Definition is critical to stem the tide of anti-Semitism experienced by Jewish students on college campuses today, without infringing on First Amendment rights.

The Brandeis Center's proposed *amicus* brief, excluding the Table of Contents, Table of Authorities, and Certificate, will not exceed 10 pages in length, pursuant to the Court's order entered on April 29, 2025 (ECF 47).

For the foregoing reasons, the Brandeis Center respectfully requests that the Court grant this motion for leave to participate as *amicus curiae* and to file an *amicus* brief.

Dated: June 20, 2025

| | |
|---|---|
| **THE LOUIS D. BRANDEIS CENTER FOR HUMAN RIGHTS UNDER LAW** | **LIBBY HOOPES BROOKS & MULVEY, P.C.** |
| /s/ *L. Rachel Lerman* | /s/ *Douglas S. Brooks* |
| L. Rachel Lerman (pro hac vice pending) | Douglas S. Brooks |
| Jeffrey I. Lang (pro hac vice pending) | 260 Franklin Street |
| Rebecca L. Harris (pro hac vice pending) | Boston, Massachusetts 02110 |
| 1717 Pennsylvania Avenue NW | (617) 338-900 |
| Suite 1025 | dbrooks@lhbmlegla.com |
| Washington, D.C. 20006 | |
| rlerman@brandeiscenter.com | |
| jlang@brandeiscenter.com | |
| rharris@brandeiscenter.com | |

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), undersigned counsel hereby certifies that the Brandeis Center conferred with counsel for the Parties and that no party opposes this motion.

/s/ *Douglas S. Brooks*
Douglas S. Brooks

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the Court's CM/ECF system on June 20, 2025 and will be sent electronically to registered participants on the Notice of Electronic Filing.

/s/ *Douglas S. Brooks*
Douglas S. Brooks