IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>                      *Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>                      *Defendants*. | Case No. 1:25-cv-11048-ADB |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff President and Fellows of Harvard College ("Harvard") submits this response to the Government's notice (ECF 236) regarding the Supreme Court's order in *NIH v. American Public Health Association* ("*APHA*"), No. 25A103 (Aug. 21, 2025).

The Government can only claim substantial support from the *APHA* order by misstating Harvard's claims. Harvard does not "seek[] only payment of money from individual grant terminations." Government's Notice ("Notice") 2. Rather, Harvard seeks prospective injunctive relief that would, among other things, require the Government to comply with Title VI and the First Amendment and stop its retaliation against Harvard. Harvard also seeks vacatur of numerous Government *policies*, affecting both current and future grants, including the April 11 Letter, the Termination Letters, and the May 5 Freeze Order. Furthermore, Harvard did not "solely rel[y]" on the First Circuit's opinion in *APHA*. Notice 3. In fact, Harvard explained at oral argument that Harvard is "on even stronger grounds than the plaintiffs in the *APHA* case." Oral Argument Transcript ("Trans.") 21; *see id.* at 16 ("[T]here's an even stronger case for why … Harvard's claims belong in federal district court rather than in the Court of Federal Claims because of the First Amendment and Title VI.").

The Government is therefore wrong to suggest that this case is "controlled" by *APHA*. Notice 3. The portions of *APHA* on which the Government relies largely reaffirm the Court's earlier order in *Department of Education v. California*, 145 S. Ct. 966 (2025) (per curiam), which Harvard has already distinguished, *see* Plaintiff's Reply 8-10. The balance of *APHA* reinforces this Court's jurisdiction—and it certainly does not support the Government's position—for three primary reasons.

*First*, unlike the plaintiffs in *APHA* and as noted above, Harvard seeks relief beyond enforcement of an "'obligation to pay money' pursuant to … grants." *APHA* Order 1. Harvard seeks prospective injunctive relief, among other things, requiring compliance with Title VI and the First Amendment and ending the Government's retaliation against Harvard. The Court of Federal Claims cannot "fully adjudicate [Harvard's] claims" for such relief, *APHA* Order 4 n.1 (Barrett, J., concurring), because it "does not have the general equitable powers" to grant prospective injunctive relief, *Me. Cmty. Health Options v. United States*, 590 U.S. 296, 327 (2020); *see* Trans. 87 ("[W]e are here for … our constitutional rights and our statutory rights" and seek "classic equitable prospective relief that only an Article III Federal Court can offer.").

Harvard also seeks vacatur of Government *policies* directed at Harvard, including the Government-wide April 11 Letter at the core of Harvard's First Amendment claim; the agency-wide Termination Letters stating that grants "will be terminated"; and the Government-wide May 5 Freeze Order announcing Harvard's ineligibility for future grants. These policies are not grant-specific and are akin to the guidance as to which *APHA* reaffirms district court jurisdiction. *APHA* Order 3 (Barrett, J., concurring). That these "policies" may be "related to grants" does not transform Harvard's claims into contract claims. *Id.* at 3 (Barrett, J., concurring).

*Second*, unlike in *APHA*, Harvard's claims include a First Amendment claim to stop retaliation that is specifically designed to cause Harvard injury. The claim is based on the Government's unlawful April 11 demands and the retaliation campaign the Government launched when Harvard refused those demands and filed this lawsuit—it is not based on any "research-related grants." *APHA* Order 1. Moreover, remedying that retaliation requires more than a refund after the fact. It requires injunctive relief that puts an end to the Government's unlawful conduct.

*Third*, unlike in *APHA*, Harvard brings claims rooted in the Government's circumvention of Title VI's procedures. Title VI expressly authorizes Administrative Procedure Act review in federal district court of agency action "terminating or refusing to grant or to continue financial assistance." 42 U.S.C. § 2000d-2. That specific provision, which has no analog in the *APHA* litigation, controls over the general provisions of the Tucker Act. Had the Government followed the procedures established by Title VI, as Harvard explained at oral argument, "there's no question that we would be in an Article III federal court at the conclusion of the Title VI procedures." Trans. 21-22. The Government conjured a jurisdictional dispute only by making an unlawful end-run around Title VI.

*APHA* thus does not support the Government's position, and, to the contrary, underscores that jurisdiction remains proper in this Court. At the very least, this Court should declare that the Government acted unlawfully and grant Harvard the prospective injunctive relief and vacatur of agency policies that it seeks. Harvard respectfully reiterates its request for a ruling from the Court as soon as reasonably possible in advance of September 3, 2025, which is the first date by which Harvard must start submitting paperwork to the Government that would finally close out grant funding.

Dated: August 24, 2025

Respectfully submitted,

/s/ *Steven P. Lehotsky*

William A. Burck*
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, DC 20005
williamburck@quinnemanuel.com

Robert K. Hur*
KING & SPALDING LLP
1700 Pennsylvania Ave. NW, Suite 900
Washington, DC 20006
rhur@kslaw.com

Joshua S. Levy (BBO #563017)
Mark Barnes (BBO #568529)*
John P. Bueker (BBO #636435)
Elena W. Davis (BBO #695956)
ROPES & GRAY LLP
Prudential Tower
800 Boylston Street
Boston, MA 02199
Joshua.Levy@ropesgray.com
Mark.Barnes@ropesgray.com
John.Bueker@ropesgray.com
Elena.Davis@ropesgray.com

Douglas Hallward-Driemeier (BBO #627643)
Stephen D. Sencer*
ROPES & GRAY LLP
2009 Pennsylvania Avenue, NW
Washington, DC 20006
Douglas.Hallward-Driemeier@ropesgray.com
Stephen.Sencer@ropesgray.com

Steven P. Lehotsky (BBO # 655908)
Scott A. Keller*
Jonathan F. Cohn*
Mary Elizabeth Miller* (BBO # 696864)
Shannon G. Denmark*
Jacob B. Richards (BBO # 712103)
LEHOTSKY KELLER COHN LLP
200 Massachusetts Ave. NW, Suite 700
Washington, DC 20001
T: (512) 693-8350
F: (512) 727-4755
steve@lkcfirm.com
scott@lkcfirm.com
jon@lkcfirm.com
mary@lkcfirm.com
shannon@lkcfirm.com
jacob@lkcfirm.com

Katherine C. Yarger*
LEHOTSKY KELLER COHN LLP
700 Colorado Blvd., #407
Denver, CO 80206
katie@lkcfirm.com

Joshua P. Morrow*
LEHOTSKY KELLER COHN LLP
408 W. 11th Street, 5th Floor
Austin, TX 78701
josh@lkcfirm.com

Danielle K. Goldstein*
LEHOTSKY KELLER COHN LLP
3280 Peachtree Road NE
Atlanta, GA 30305
danielle@lkcfirm.com

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

      Counsel for Plaintiff certify that they have submitted the foregoing document with the clerk of court for the District of Massachusetts, using the electronic case filing system of the Court. Counsel for Plaintiff hereby certify that they have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

                                                    /s/ *Steven P. Lehotsky*
                                                    Steven P. Lehotsky